IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALIA GAMBLE,<br><br>     Plaintiff,<br><br>     v.<br><br>BQE HOSPITALITY GROUP, INC.;<br>DARRYL BROWN; and KENYA<br>AMOS,<br><br>     Defendants. | CIVIL ACTION NO.<br><br><br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff, by and through undersigned counsel, brings this action against Defendants and states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA"), alleging that Defendants failed to pay Plaintiff for all hours worked at the required minimum wage and retaliated against Plaintiff for engaging in protected activity.

### JURISDICTION AND VENUE

2. This Court exercises jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(B) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Defendant BQE Hospitality Group ("BQE Hospitality") is a domestic corporation and maintains a principal address at 268 Edgewood Ave, NE, Atlanta, Georgia 30303, according to its registration with the Georgia Secretary of State.

5. BQE Hospitality may be served with process by delivering a copy of the complaint and summons to its registered agent, Eleanorjan Green-Roberts, at 268 Edgewood Ave NE, Atlanta, Georgia 30303.

6. Defendant Kenya Amos is the chief executive officer, chief financial officer, and secretary of BQE Hospitality.

7. Defendant Kenya Amos may be served wherever she may be found.

8. Defendant Darryl Brown is the owner of BQE Restaurant and Lounge.

9. Defendant Darryl Brown may be served wherever he may be found.

10. Plaintiff Alia Gamble ("Plaintiff") worked for Defendants within the three years preceding the filing of this action.

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS ARE JOINT EMPLOYERS

11. At times relevant to this action, Defendants employed Plaintiff, who engaged in interstate commerce or the production of goods for interstate commerce.

12. Defendants qualify as "employers" within the meaning of the FLSA. 29 U.S.C. § 203(d).

13. Plaintiff was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

14. Defendants operate a restaurant located at 262 Edgewood Ave, NE, Atlanta, Georgia 30303 under the trade name "BQE Restaurant and Lounge."

15. Defendants employed Plaintiff to work at BQE Restaurant and Lounge ("BQE Lounge").

16. During her employment at BQE Lounge, Plaintiff worked on goods or materials that have been moved in or produced for commerce.

17. For example, Plaintiff used Defendants' computer systems, processed credit card transactions, and sold food and drinks to customers.

18. Defendant BQE Hospitality is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

19. At all relevant times BQE Hospitality has had one or more employees who handle goods that have traveled in interstate commerce within the meaning of the FLSA.

20. For example, at all relevant times, BQE Hospitality has employed individuals who regularly use computers, credit-card readers, or other devices manufactured outside the state of Georgia in performing their job duties.

21. BQE Hospitality qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

22. Defendant Kenya Amos is a corporate officer of BQE Hospitality.

23. Defendant Kenya Amos exercises operational control over BQE Hospitality.

24. At times relevant to this action, Defendant Kenya Amos directly and indirectly controlled, determined, and directed the day-to-day operations of BQE Hospitality.

25. Defendant Kenya Amos determined the compensation practices applicable to Plaintiff.

26. Defendant Kenya Amos had the authority to make changes to the compensation practices applicable to Plaintiff.

27. Defendant Kenya Amos had authority to determine the number of employees scheduled per shift at BQE Lounge.

28. Defendant Kenya Amos had the authority to hire and fire employees working at BQE Lounge, including Plaintiff.

29. Defendant Kenya Amos directly and indirectly determined the job duties performed by employees at BQE Lounge.

30. Defendant Kenya Amos qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

31. Defendant Darryl Brown is the owner of BQE Lounge.

32. Defendant Darryl Brown exercises operational control over BQE Lounge.

33. At times relevant to this action, Defendant Darryl Brown directly and indirectly controlled, determined, and directed the day-to-day operations of BQE Lounge.

34. Defendant Darryl Brown determined the compensation practices applicable to Plaintiff.

35. Defendant Darryl Brown had the authority to make changes to the compensation practices applicable to Plaintiff.

36. Defendant Darryl Brown had authority to determine the number of employees scheduled per shift at BQE Lounge.

37. Defendant Darryl Brown had the authority to hire and fire employees working at BQE Lounge, including Plaintiff.

38. Defendant Darryl Brown directly and indirectly determined the job duties performed by employees at BQE Lounge.

39. Defendant Darryl Brown qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

40. Defendants BQE Hospitality, Darryl Brown and Kenya Amos are joint employers within the meaning of the FLSA.

### FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIMS

41. BQE Lounge contains a bar and dining room where food and drinks are served.

42. Each week, BQE Lounge's dining room is typically open to the public Monday through Sunday.

43. Defendants employ servers, bartenders, bar backs, bussers, hostesses, food runners, expediters, cooks, and other personnel at BQE Lounge.

44. Plaintiff began working at BQE Lounge in August of 2014.

45. Plaintiff worked as a bartender and a server at BQE Lounge.

46. Plaintiff typically worked at BQE Lounge on Wednesdays, Fridays, Saturdays and Sundays.

47. Defendants required Plaintiff to log in at the start of each scheduled shift and to log out at the end of each shift.

48. However, Defendant's failed to record certain hours worked by Plaintiff.

49. For example, on at least one occasion when BQE Lounge was understaffed, Defendants directed Plaintiff to work part of a shift that she was not normally scheduled to work.

50. However, Defendants did not record the hours worked by Plaintiff.

51. Defendants also failed to pay Plaintiff for her time.

52. Therefore, Defendants violated the recordkeeping provision of the FLSA, 29 U.S.C. § 211(c).

53. As compensation for her hours worked, Plaintiff typically received direct wages at an hourly rate of approximately $2.25.

54. In addition to her direct wages, BQE Lounge's customers routinely left discretionary gratuities ("tips") for the benefit of Plaintiff.

55. Defendants required Plaintiff to share her tips with employees who did not qualify as tipped employees within the FLSA and its implementing regulations.

56. For example, Defendants regularly instructed Plaintiff to share her tips with bar backs.

57. At BQE Lounge, bar backs' job duties primarily involved washing glasses and restocking the bar.

58. At BQE Lounge, bar backs do not customarily and regularly receive in excess of $30 per month in tips from customers.

59. By way of further example, on March 6, 2015, a customer left a $1,000 tip for Plaintiff.

60. However, Plaintiff's manager at BQE Lounge took the $1,000 tip left for Plaintiff.

61. Plaintiff's manager at BQE Lounge kept Plaintiff's $1,000 tip for himself.

62. Plaintiff notified Defendants that her tip had been taken unlawfully.

63. On March 7, 2015, Plaintiff sent a text message to Defendant Brown opposing her manager's retention of her tip.

64. A copy of Plaintiff's March 7, 2015 text message to Defendant Brown is attached as Exhibit 1.

65. Plaintiff also provided Defendant Brown with a portion of page two of the U.S. Department of Labor-Wage and Hour Division's publication entitled, "Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act," which addresses the retention of tips ("WHD Fact Sheet 15").

66. A complete copy of WHD Fact Sheet 15 is attached as Exhibit 2.

67. Plaintiff's written opposition to Defendants' unlawful retention of her tip, including the attachment of WHD Fact Sheet 15, was protected activity.

68. Plaintiff's opposition to Defendants' unlawful retention of her tip was protected by the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

69. Defendants willfully disregarded Plaintiff's opposition and WHD Fact Sheet 15.

70. On March 7, 2015, Defendants terminated Plaintiff.

71. Defendants terminated Plaintiff immediately following her complaints that her manager unlawfully retained her tip.

72. Plaintiff's protected activity was, therefore, the direct and proximate cause of Defendants' decision to terminate her employment.

### COUNT ONE: WILLFUL FAILURE TO COMPENSATE PLAINTIFF AT THE MINIMUM WAGE

73. Defendants paid Plaintiff approximately $2.25 per hour and claimed a credit for the federal tipped minimum direct wage rate.

74. The minimum wage provisions of the FLSA apply to Defendants and protect Plaintiff.

75. Defendants are not entitled to avail themselves of the federal tipped minimum direct wage rate under the FLSA because Defendants failed to properly notify Plaintiff of their intention to take a tip credit against the required minimum wage as mandated by the United States Department of Labor. 29 C.F.R. § 531.54 and § 531.59(b).

76. Defendants are not entitled to avail themselves of the federal tipped minimum direct wage rate under the FLSA because Defendants did not allow Plaintiff to retain all of her tips.

77. Because Defendants are not entitled to avail themselves of the federal tipped minimum direct wage rate under the FLSA, Plaintiff is entitled to be compensated at $7.25 per hour for each hour worked while employed by Defendants.

78. Defendants did not pay Plaintiff the required minimum wage for all hours worked per workweek, including hours worked off the clock and hours worked on the clock.

79. By failing to compensate Plaintiff at the minimum wage required by the FLSA, Defendants violated Plaintiff's statutory rights under the FLSA.

80. Defendants' violations of the FLSA's minimum wage provision, 29 U.S.C. § 206, were willful.

81. Defendants violated the FLSA with reckless disregard for their obligations under 29 U.S.C. § 206.

82. Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff for all unpaid wages at a rate of not less than $7.25 per hour, liquidated damages, and attorney's fees and costs.

## COUNT TWO: RETALIATION

83. In response to having her tips taken by BQE management, Plaintiff sent BQE management notice of her right to retain her tips under the FLSA.

84. Plaintiff engaged in protected activity under the FLSA when she protested having to relinquish her tips to BQE management.

85. In response to Plaintiff's protest, Defendants terminated Plaintiff's employment.

86. Defendants' termination of Plaintiff for asserting her rights under the FLSA constitutes retaliation against Plaintiff in violation of the FLSA.

87. Defendants' flagrant and retaliatory conduct displays a reckless and knowing disregard for their obligations under the FLSA.

88. Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff for compensatory damages, back pay, front pay, liquidated damages, and attorney's fees and costs.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that:

I. The Court enter declaratory judgment in favor of Plaintiff that Defendants violated the FLSA;

II. The Court enter judgment against Defendants that their violations of the FLSA were willful;

III. The Court award Plaintiff all unpaid wages as provided for by the FLSA;

IV. The Court award Plaintiff liquidated damages equal to the amount of all unpaid wages as provided for by the FLSA;

V. The Court award Plaintiff compensatory damages, back pay, and front pay for Defendants' retaliatory termination of Plaintiff's employment;

VI. The Court award Plaintiff reasonable costs and attorney's fees as provided for by the FLSA; and

VII. Plaintiff receive such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: April 17, 2015.

|  |  |
|---|---|
| MAYS & KERR LLC<br>235 Peachtree Street NE<br>North Tower \| Suite 202<br>Atlanta, Georgia 30303<br>Telephone: (404) 410-7998<br>Facsimile: (404) 855-4066<br>john@maysandkerr.com<br>dustin@maysandkerr.com | s/John L. Mays<br>John L. Mays<br>Georgia Bar No. 986574<br>Dustin Crawford<br>Georgia Bar No. 758916<br><br><br>Counsel for Plaintiff |