# EXHIBIT 1 – SETTLEMENT AGREEMENT

# SETTLEMENT AGREEMENT
# AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims ("Agreement") is entered into by and between the following Parties: ALIA GAMBLE ("Plaintiff") and BQE HOSPITALITY GROUP, INC.; DARRYL BROWN; and KENYA AMOS ("Defendants"):

## BACKGROUND INFORMATION

A.  On April 17, 2015, Plaintiff filed a lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Alia Gamble, Plaintiff v. BQE Hospitality Group, Inc.; Darryl Brown; and Kenya Amos, Defendants,* Civil Action No. 1:15-CV-01248-SCJ (the "Litigation"), which action arises out of, or relates to, the employment of, or work performed by, the Plaintiff.

B.  Pursuant to the Litigation, Plaintiff claims that Defendants intentionally and willfully violated the overtime provisions of the Fair Labor Standards Act ("FLSA"). Defendants denied these allegations and counterclaimed for conversion.

C.  Plaintiff and Defendants desire to enter into an agreement resolving and settling all claims against each other and all those to be released in this Agreement, reciting the following terms and conditions.

D.  The Parties warrant and represent that they have not assigned any of their claims to be released in this Agreement.

E.  This Agreement constitutes a good faith settlement of all of the Parties' disputed claims and counterclaims against each other, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Parties acted contrary to law or violated the rights of any other person at any time.

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties hereto agree as follows:

## STATEMENT OF AGREEMENT

The Parties hereby acknowledge, and rely upon as material to this agreement, the accuracy of the above Background Information and hereby agree as follows:

1. <u>Consideration</u>.  In consideration of this Settlement Agreement and Full and Final Release of All Claims and other good and sufficient consideration, including Plaintiff's agreement to dismiss with prejudice the Litigation, Defendants will tender to Plaintiff the gross amount of fifteen thousand dollars ($15,000) payable as follows by delivery to the attention of Plaintiff's counsel of record on or before sixty (60) calendar days after the Agreement is approved by the Court (subject to the provisions below):

   a. **$1,500.00** (less withholdings and deductions) payable to Plaintiff for alleged unpaid wages;

   b. **$1,500.00** (with no withholdings or deductions) payable to Plaintiff for alleged FLSA liquidated damages and/or separate consideration for the general release contained herein; and,

   c. **$12,000.00** payable to Mays & Kerr LLC, for attorney's fees ($11,254.65) and costs ($745.35).

The settlement amounts paid to Plaintiff for her alleged unpaid wages in Section (a) shall be paid by check payable to Plaintiff in the amount stated above, less all applicable taxes and other required or authorized wage withholdings and employer tax payments and reported on IRS form W-2 and its state tax equivalent ("W-2 payments"). The settlement amount paid to Plaintiff for her alleged FLSA liquidated damages in Section (b) shall be paid without any deduction for any taxes or other withholdings ("1099 Payments") by separate check payable to Plaintiff in the amounts stated above and reported on IRS Form 1099-MISC and its state tax equivalent. Plaintiff represents and warrants that the payments set forth in Section (a) and (b) constitute payment of one hundred percent (100%) of Plaintiff's claims for alleged unpaid back wages and unpaid liquidated damages under the FLSA net of any attorney's fees and costs. Defendants shall be solely responsible for

determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement.

2. <u>Settlement Approval</u>.  All Parties agree that, upon execution of this Agreement, through the use of the joint motion attached hereto as Attachment A, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the FLSA, 29 U.S.C. § 201 *et seq*. All Parties agree that they will set the joint motion for hearing as soon as possible, if required by the Court. After the Court approves the settlement of this Litigation, Defendants will transmit the payments required to Plaintiff's counsel within sixty (60) calendar days following the filing or entry of the order (either formal written order or docket entry, *i.e.*, "minute entry") approving the settlement. If the District Court does not approve this Agreement, the Parties agree that the terms, conditions, and provisions contained herein are null, void, and without any legal effect. However, the Parties further agree that they will work together in good faith to re-negotiate any terms, conditions, or provisions rejected by the Court, will revise the Agreement to meet the Court's requirements once they agree on revised terms, conditions, and provisions, and will then re-submit an agreed-upon, revised Agreement for approval by the Court within three days of notification by the Court.

3. <u>Dismissal of Litigation</u>.  Upon judicial approval of the Agreement and Plaintiff's counsel's receipt of the payments as described above, the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Attachment B, with the Court within three business days.

4. <u>Non-Disparagement.</u> The Parties agree that they will not make any knowingly false oral or written communication to any person or entity – governmental or otherwise – which disparages the reputation of the other party. Furthermore, the Parties agree not to solicit, encourage, or otherwise cause any such communication to be made by any individual not bound by the terms of this Agreement.

5. <u>Mutual Release & Waiver of All Claims</u>.   In exchange for the payment set forth above, and other good and valuable consideration, the receipt of

which is hereby acknowledged, Plaintiff, her heirs and assigns, hereby **RELEASES, REMISES AND FOREVER DISCHARGES** Defendants and their predecessor and their parents, subsidiaries, affiliates, owners, trustees, officers, administrators, agents, attorneys, managers, employees, personally and in their respective capacities, their heirs and assigns, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them and whether discoverable or not, which they may now have against them, either individually, jointly, or severally, before any municipal, state, or federal court, administrative court, or agency, based upon acts which have occurred from the beginning of time to the date of this Agreement; which Agreement specifically shall include the release of any and all claims, demands, or causes of action arising out of the Litigation and all claims, demands, or causes of action arising out of, either directly or indirectly, her employment with or separation from employment with Defendants, including, but not limited to, claims under the FLSA; Title VII of the Civil Rights Act of 1964; Age Discrimination in Employment Act ("ADEA"); 42 U.S.C. §1981; the Americans with Disabilities Act ("ADA"); the Family and Medical Leave Act ("FMLA"); the Employee Retirement Income Security Act of 1974 ("ERISA"); and any law, constitution, statute, regulation, ordinance, executive order, and the like, or theory at common law or otherwise. Plaintiff further agrees that she will not attempt (or authorize an attempt) to re-initiate in a court or in arbitration, the FLSA claims and any other claims hereby released in any manner, and waives the right to any monetary recovery in any lawsuit or administrative proceeding, whether brought by herself or by the EEOC, arising out of, either directly or indirectly, their employment with or separation from employment with Defendants.  The foregoing release only applies to claims existing as of Plaintiff's execution of this Agreement or earlier.

In exchange for good and valuable consideration, the receipt of which is hereby acknowledged, Defendants hereby **RELEASE, REMISE AND FOREVER DISCHARGE** Plaintiff, and her heirs and assigns, from any and all claims, counterclaims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them and whether discoverable or not, which Defendants may now have against Plaintiff

before any municipal, state, or federal court, administrative court, or agency, based upon acts which have occurred from the beginning of time to the date of this Agreement.

6.     Entire Release; Full and Final Release.  The Parties affirm that the only consideration their execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused them to execute the Agreement; that they fully understand the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that they have consulted legal counsel before executing the Agreement.  It is understood and agreed by the Parties that this Agreement constitutes a full and final release covering all unknown, undisclosed and unanticipated losses, wrongs, injuries, debts, claims, or damages to the Parties which may have arisen from any act or omission by the other prior to the date of execution of this Agreement.

7.     No Liability.  It is further understood and agreed that the Parties expressly deny any and all liability for any and all claims that the other may have. This Agreement is a compromise settlement of disputed claims, and neither this Agreement itself, nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission of liability or responsibility for any wrongdoing of any kind.

8.     Attorneys' Fees/Costs.  Except as provided herein, each of the Parties shall bear all attorneys' fees and litigation costs arising from the actions of its own counsel in connection with the Litigation, the negotiation and execution of this Agreement, the matters referred to herein, the filing for approval of this Agreement and its attachments, and all other related matters.

9.     Merger.  The Parties agree that this Agreement constitutes the entire agreement and the only agreement between the Parties, and any representations or promises not contained herein shall not be binding upon or imputed to the Parties. The Parties agree that this Agreement is the final embodiment of the agreement between them and shall supersede all prior written and oral agreements, understandings, and/or discussions by, between, or among the Parties relating to it or in any way connected with the subject matters of this Agreement.

10. <u>Amendments</u>.  Any modification or change to this Agreement must be made in writing and signed by all Parties.

11. <u>Construction</u>. The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

12. <u>Severability</u>.  The Parties agree that in the event any one or more of the provisions of this Agreement shall be or become invalid, illegal, or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not be affected thereby.

13. <u>Successors</u>.  The Parties agree this Agreement shall inure to the benefit of and be binding upon the respective Parties to this Agreement, their successors, trustees, representatives, heirs, administrators, and executors forever.

14. <u>Governing Law</u>.  The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

15. <u>Counterparts and Copies</u>.  This Agreement may be signed in counterparts, and all so executed counterparts shall constitute one agreement which shall be binding on all of the Parties hereto, notwithstanding that all of the Parties may not have each signed the same signature page. In addition, copies of this Agreement shall have the same force and effect as original documents.

16. **<u>ACKNOWLEDGEMENT</u>**. **BY THEIR SIGNATURES BELOW, THE PARTIES ACKNOWLEDGE AND REPRESENT THAT THEY HAVE READ THIS AGREEMENT COMPLETELY, THAT THEY HAVE BEEN GIVEN A REASONABLE  TIME TO REVIEW AND CONSIDER ITS TERMS, THAT THEY HAVE BEEN ADVISED TO CONSULT WITH AN ATTORNEY AND HAVE BEEN GIVEN SUFFICIENT OPPORTUNITY TO DO SO, THAT THEY HAVE FULLY REVIEWED THE TERMS AND**

**PROVISIONS OF THE AGREEMENT, AND ARE AWARE OF ITS CONTENTS, THAT THEY FULLY UNDERSTAND THE TERMS AND PROVISIONS AND THEIR EFFECT, THAT THEY FULLY UNDERSTANDS THEIR RIGHTS, OBLIGATIONS, AND THE RIGHTS THEY HAVE WAIVED HEREIN, AND THAT THEY FREELY AND VOLUNTARILY ENTERED INTO THIS AGREEMENT. THE PARTIES FURTHER ACKNOWLEDGE THAT THE CONSIDERATION PROVIDED UNDER THIS AGREEMENT IS OF VALUE AND IS NOT ANYTHING TO WHICH THEY ARE ALREADY ENTITLED.**

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective as of the dates below.

**Alia Gamble**

Date: _____     _____
Alia Gamble

**Defendants**

Date: _____     _____
BQE Hospitality Group, Inc.

By: _____

Its: _____

**Darryl Brown**

Date: _____     _____
Darryl Brown

**Kenya Amos**

Date: _____     _____
Kenya Amos

**ATTACHMENT A**
**Joint Motion for Approval of Settlement**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALIA GAMBLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BQE HOSPITALITY GROUP, INC.;<br>DARRYL BROWN; and KENYA<br>AMOS<br>　　　　Defendants. | CIVIL ACTION NO.<br><br>1:15-CV-01248-SCJ |

**JOINT MOTION FOR REVIEW AND APPROVAL
OF SETTLEMENT AND RELEASE AGREEMENT**

Plaintiff and Defendants jointly move for approval of their Settlement Agreement and Full and Final Release of All Claims and show the Court as follows:

1.　Plaintiff filed her Complaint (ECF No. 1) on April 17, 2015, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

2.　Defendants denied all material allegations, asserted defenses, and counterclaimed for conversion.

3.　Discovery was conducted, during which the Parties exchanged documents and engaged in settlement discussions, enabling each party to understand and assess the detail and substance of their respective claims and defenses.

4. Based upon the understandings and assessments of each party, the Parties negotiated and entered, acting at arms' length, in good faith, and with the advice of counsel, into a Settlement Agreement and Full and Final Release of All Claims, attached hereto as Exhibit 1.

5. If approved, the Settlement Agreement and Full and Final Release of All Claims will provide Plaintiff with monetary consideration substantially equivalent to what she might have been awarded, while considering the risk of a judgment in Defendants' favor. The Parties agree that there are significant questions of law and fact in dispute in this case which reduce each Parties' respective probability of success on the merits. Plaintiff acknowledges that there is a bona fide dispute as to the amount of her recovery, if any, she is entitled to receive. Through significant investigation, discovery, and negotiations, the Parties have reached an informed and reasonable resolution of this matter. The Parties agree that if they continue to litigate the instant claims, they would be forced to engage in further costly litigation. The Parties further agree that this settlement is a reasonable means for both Parties to minimize future risks and litigation costs. Therefore, with advice of counsel, the Parties have elected to enter into the Settlement Agreement before

the Court for approval, and they are satisfied with the terms and conditions contained therein.

6. The Parties agree to the amounts to be paid to Plaintiff's attorneys, and therefore, no judicial scrutiny of the attorney's fees is required. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, *3-4 (M.D. Fla. Dec. 26, 2006) (the FLSA does not require the court to assess the fairness of an *agreed* payment of attorneys' fees in settling an individual action). Should judicial approval of the fee be required, Plaintiff's counsel would show that counsel's fee is appropriate based on the circumstances of this case. Defendants made a lump sum offer sufficient to satisfy the amount Plaintiff had demanded in damages and that reflected a reasonable compromise with respect to the amount of the legal fees and costs Plaintiff has incurred. The Parties agree that, under the circumstances of this case, Plaintiff's counsel's negotiated compromise fee is commensurate with the amount of time and resources, multiplied by an appropriate rate, they have invested in this case drafting pleadings and other documents, performing factual investigations, negotiating this settlement, and other matters. Finally, the amount of counsel's fees is consistent with the terms of Plaintiff's fee agreement, which

provides for the payment of fees in an amount equal to the greater of either 40% of any sums recovered or counsel's fees calculated at their regular hourly rates.

7. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Parties submit that judicial approval is required to give effect to Plaintiff's release of her FLSA claims, which is material to the enforceability of the Settlement Agreement and Full and Final Release of All Claims.

8. A proposed Order is attached hereto as Exhibit 2.

WHEREFORE, the Parties move this Court for a review and approval of their Settlement Agreement and Full and Final Release of All Claims.

Respectfully submitted, this __ day of _____, 2016.

| | |
|---|---|
| *s/Dustin L. Crawford* | *s/Winston A. Denmark* |
| Dustin L. Crawford | Winston A. Denmark |
| Georgia Bar No. 758916 | Georgia Bar No. 211751 |
| John L. Mays | |
| Ga Bar No. 986574 | |
| | |
| MAYS & KERR LLC | Fincher Denmark & Minnfield LLC |
| 235 Peachtree Street NE | 8024 Fairoaks Court |
| North Tower ~ Suite 202 | Jonesboro, Ga 30236 |
| Atlanta, Georgia 30303 | Telephone: (770) 961-4100 |
| Telephone: (404) 410-7998 | Email: wdenmark@fdmlegal.com |
| Facsimile: (404) 855-4066 | |
| dustin@maysandkerr.com | |
| john@maysandkerr.com | |
| Counsel for Plaintiff | Counsel for Defendants |

**ATTACHMENT B**
**Joint Stipulation of Dismissal with Prejudice**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALIA GAMBLE,<br><br>  Plaintiff,<br><br>v.<br><br>BQE HOSPITALITY GROUP, INC.;<br>DARRYL BROWN; and KENYA<br>AMOS<br>  Defendants. | CIVIL ACTION NO.<br><br>1:15-CV-01248-SCJ |

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Parties, by and through their undersigned counsel of record, hereby stipulate and agree to the dismissal with prejudice of the above-captioned action, including all claims and counterclaims asserted. Except as otherwise agreed between the Parties, each party shall bear its own attorneys' fees and costs.

Respectfully submitted, this ___ day of _____, 2016.

| | |
|---|---|
| s/*Dustin L. Crawford* | s/*Winston A. Denmark* |
| Dustin L. Crawford | Winston A. Denmark |
| Georgia Bar No. 758916 | Georgia Bar No. 211751 |
| John L. Mays | |
| Ga Bar No. 986574 | |
| | |
| MAYS & KERR LLC | Fincher Denmark & Minnfield LLC |
| 235 Peachtree Street NE | 8024 Fairoaks Court |
| North Tower ~ Suite 202 | Jonesboro, Ga 30236 |
| Atlanta, Georgia 30303 | Telephone: (770) 961-4100 |
| Telephone: (404) 410-7998 | Email: wdenmark@fdmlegal.com |
| Facsimile: (404) 855-4066 | |
| dustin@maysandkerr.com | |
| john@maysandkerr.com | |
| | |
| Counsel for Plaintiff | Counsel for Defendants |